(33 Misc. Rep. 417.)

### In re NEWCOMB.

(Supreme Court, Special Term, New York County. December, 1900.)

INSANE PERSONS—APPLICATION TO DISCHARGE COMMITTEE—PHYSICAL EXAMINATION OF APPLICANT.

    Where an incompetent person applies for a discharge of the committee of his property, and the physicians chosen by the opponents of the petition to make a physical examination of the applicant had made sworn statements that he was suffering from an incurable malady, and are personally distasteful to the applicant, the examination will be refused.

Application to discharge a committee of property of H. Victor Newcomb, an incompetent person. Motion to compel physical examination of applicant. Motion denied.

Harrison, Seasongood & Edwards (Burton N. Harrison, of counsel), for the motion.

Gignoux & Gignoux (Delancey Nicoll, of counsel), opposed.

FITZGERALD, J. When the application to discharge the committee was originally presented in April last it was opposed by petitioner's wife and son, and I felt at that time, as indicated by me in the memorandum handed down, that a proper disposition of the matter could not be made by a consideration of the conflicting affidavits then presented, and so referred it to a referee to take testimony, and report, with his opinion, to the court. Such order of reference was subsequently made, and proceedings thereunder are now in progress. A number of witnesses have been examined. Counsel for opposing relatives before the last adjournment submitted a list of six physicians to the referee, and requested that opportunity

be afforded them to make a physical and mental examination of the petitioner, so as to enable them to testify. The doctors named are Cyrus Edson, Allen Fitch, William Anderton, Allen McL. Hamilton, A. A. Smith, and John Ouchterlony. The petitioner objects to Drs. Edson, Fitch, and Anderton on the ground that under oath they have "committed themselves to the diagnosis that Mr. Newcomb was suffering from an incurable mental disease; that Dr. A. A. Smith had so expressed himself, although he had not seen Mr. Newcomb for many years; that Dr. Ouchterlony is personally distasteful to Mr. Newcomb, and his examination would be exceedingly objectionable; and, further, that Drs. Edson, Anderton, Smith, and Ouchterlony are not alienists, and competent to give any opinion on the subject." Petitioner's counsel stated "that they had no objection to having Mr. Newcomb examined by any competent alienists appointed by the court who have not committed themselves already as to his mental condition, but who can approach the subject with an open mind, and impartially advise the court on the subject." This proposition was declined by the counsel for the opposing relatives. The learned referee thereupon said:

"I am of opinion that I have no power to direct or dictate to either party as to what witnesses they should call or refrain from calling. I also think that I have no power to direct that the petitioner should submit to an examination by the witnesses named preparatory to their testimony, and I certify the matter to the court for such direction or order in the premises as the court may deem proper."

When one who is afflicted has been deprived of his liberty and property, and is seeking to regain their possession by establishing his present competency, the court should proceed with great care, to the end that he be not subjected to any harassing or oppressive conditions. Assuredly, he should be spared annoyances calculated to exercise painful influences, or cause him undue excitement; and to subject him to examination by doctors who have committed themselves by previously expressed sworn statements to the effect that his malady was incurable would appear to be a hardship. I must, therefore, deny this motion, and in so concluding I also keep in mind the decision in Schermerhorn v. Develin, 1 Code Rep. 28, which, as far as I have been able to learn, has not been modified or revised.

Motion denied, with costs.